**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MOBILE BAY WATCH, INC.,** | ) | |
| **An Alabama Non-Profit Corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-0302-CG-C** |
| | ) | |
| **THE WATER WORKS AND SEWER** | ) | |
| **BOARD OF THE CITY OF PRICHARD,** | ) | |
| **ALABAMA,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **v.** | ) | |
| | ) | |
| **THE ALABAMA DEPARTMENT OF** | ) | |
| **ENVIRONMENTAL MANAGEMENT;** | ) | |
| **McCRORY AND WILLIAMS, INC.,** | ) | |
| **a corporation; OPERATION** | ) | |
| **TECHNOLOGIES, INC., a corporation;** | ) | |
| **and VEOLIA WATER NORTH** | ) | |
| **AMERICA OPERATING SERVICES,** | ) | |
| **INC., a corporation,** | ) | |
| | ) | |
| **Third-Party Defendants** | | |

**ORDER**

This matter is before the court on the motion of third-party defendant, Operations

Technologies, Inc. ("OpTech") to dismiss the third-party complaint filed by the Water Works and

Sewer Board of the City of Prichard ("Water Works")(Doc. 50), the response thereto of Water

Works (Doc. 56), and OpTech's reply (Doc. 60). For the reasons stated below, the court finds that

the claims asserted against OpTech in the third-party complaint are derivative of the claims asserted in

the main complaint. Therefore, OpTech's motion to dismiss is due to be DENIED.

1

## BACKGROUND

Water Works operates the water and sewer system for the City of Prichard.  In 2003, OpTech entered into a contract with Water Works whereby OpTech agreed to "manage, operate and maintain the wastewater systems so that finished wastewater discharged from the [Prichard Wastewater facility] meets requirements specified by ADEM." (OpTech Contract ¶ 2.3 - Ex. A to Doc. 50).   Plaintiff, Mobile Bay Watch, brought this action alleging that defendant Water Works violated provisions of the Clean Water Act, 33 U.S.C. § 1251 et seq.; violated certain National Pollution Discharge Elimination System permits which were issued to Water Works; and violated the provisions of 1997 and 2003 consent decrees resolving suits by ADEM against Water Works.  Mobile Bay Watch alleges that "[Water Works'] wastewater treatment plants [], collection systems, and feeder lines chronically dump ... raw, semi-treated sewage and toxic sewage effluent into local drainage-ways which flow into a variety of navigable waters ..."  (Doc. 1).

Water Works filed a third-party complaint against McCrory & Williams, ADEM, OpTech, and Veolia Water North America Operating Services, Inc.   According to the third-party complaint, Water Works hired the third-party defendants to oversee the maintenance of the sewer system.   In its third-party complaint, Water Works alleges that the third-party defendants "should have noticed the decrease of flow into the Stanley Brooks Treatment Facility" and "failed to investigate, locate, and/or inform" Water Works of the leak within a reasonable period of time.  Water Works asserts claims of negligence, wantonness, suppression, and breach of contract against the third-party defendants.

## DISCUSSION

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which

would entitle him to relief." Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996)

(quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)).  In making this

determination, the court must "take all the allegations in the complaint as true, and view the complaint in

the light most favorable to the plaintiff." Id.

OpTech asserts that Water Works cannot maintain its third-party complaint against them

because their claims are not derivative of the outcome of the main claim.  Under Rule 14(a), "[a]

defendant, as a third-party plaintiff, may implead a third-party defendant who 'is or may be liable to the

third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.'" Coates v.

CTB, Inc., 173 F.Supp.2d 1200, 1202 (M.D. Ala. 2001) (quoting FED. R. CIV. P. 14(a)). "The

third-party defendant's liability to the third-party plaintiff must be in some way dependent on the

outcome of the main claim." Id.   The law is clear that "an entirely separate and independent claim

cannot be maintained against a third party under Rule 14, even though it does arise out of the same

general set of facts as the main claim." U.S. v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir.

1967) (citations omitted).   "Impleader, or third party practice, is only available when the third party

defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original

plaintiff's claim." Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir.1982) (citing Grasso

supra). "In other words, if the defendant has no liability to the plaintiff, then the third party defendant

has no liability to the defendant third- party plaintiff." Id.  "[I]f any of the claims asserted by [the third-

party plaintiff] are proper impleader claims under Rule 14(a), such claim(s) may serve as an anchor

claim for any other separate and independent claims against [the third-party defendant] which may be

brought under Rule 18(a)." City of Orange Beach v. Scottsdale Ins. Co., 166 F.R.D. 506, 511 (S.D.

3

Ala.1996), aff'd 113 F.3d 1251 (11th Cir.1997).  Water Works maintains that its third-party claims against OpTech are derivative.   Water Works asserts claims of negligence, wantonness, and suppression, against OpTech.

This court previously denied a similar motion brought by third-party defendant McCrory & Williams. (Doc. 52).  The court found that Water Works' had asserted colorable claims against McCrory & Williams which are derivative of the claims asserted against Water Works in the main complaint.  OpTech asserts that it was only hired to manage, operate and maintain the wastewater systems and was not responsible for operating the entire sewer system.  As such, OpTech contends that the allegations against OpTech refer to incidents that occurred outside the confines of the wastewater treatment facilities and the perimeters of OpTech's obligations to Water Works.  However, the complaint against Water Works alleges that wastewater treatment plants, in addition to other portions of the sewer treatment system, "chronically dump ... raw, semi-treated sewage and toxic sewage effluent into local drainage-ways." (Doc. 1).   The proper management, operation, or maintenance of the wastewater system is clearly implicated by the main complaint.   The court finds that Water Works has asserted colorable claims against OpTech which are derivative of the claims asserted against Water Works in the main complaint.

## CONCLUSION

For the reasons stated above, the motion of third-party defendant, Operations Technologies, Inc., to dismiss the third-party complaint (Doc. 50) is **DENIED**.

**DONE and ORDERED** this 20th day of April, 2005.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

4